[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of New Haven. Many of the facts that give rise to this action are not in dispute.
The plaintiff whose maiden name is Marie Fousek and the defendant were married on May 15, 1976 in Rocky River, Ohio. The plaintiff has resided continuously in the state of Connecticut for at least 12 months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are no minor children issue of this marriage and the plaintiff does not have any minor children. Neither party has received state assistance.
From the evidence presented to the court finds that each party is equally at fault for the breakdown of the marriage.
The plaintiff is 51 years old. The plaintiff suffers from a herniated disk for the past 20 years. She is otherwise in good health The plaintiff is a registered nurse although she has not worked in that capacity for approximately 22 years.
The plaintiff has an account at Liberty Bank with a balance of $4,217.00. Approximately $2,500.00 of this came from the mother's estate with the remaining coming from the pendente lite orders. She has a Guilford Savings Bank account with a balance of $214.00 and a First Union Savings Account with a balance of $3,600.00. She also has a Fleet Bank joint checking account that is used only by her with a balance of $4,134.00. Her: financial affidavit shows weekly expenses totaling $1,643.00. The plaintiff shows a $74.00 weekly expense for health insurance for medical/dental. This will be her COBRA cost after the dissolution of marriage. Part of the real estate taxes that she shows totaling $224.00 weekly includes the Vermont property of approximately $40.00, the defendant's office property of CT Page 11002 approximately $62.00 and the family home of approximately $122.00. As a result of orders being entered, the plaintiff will no longer have the Vermont real estate taxes or the real estate taxes on the defendant's office space. Schedule A to her financial affidavit list various weekly expenses. The Vermont condo fee of $40.00 will no longer exist after the condo has been sold. She has rental income which she receives from the defendant's condominium that he uses as his office at 71 Bradley Road. She will no longer have that condominium income as a result of orders being entered.
The plaintiff has two separate part time jobs, one at Shoreline Fin. Ad. and the second at Madison Earth Care. Her gross weekly income is $132.00 and her net weekly income is $90.00
The plaintiff financial affidavit on schedule A lists a 1990 Mercedes with a fair market value of $6,000. In her financial affidavit dated October 13, 1998 coded 104, the plaintiff listed the fair market value of the Mercedes as $19,000.00. From the evidence presented the court finds that the fair market value of the Mercedes is $18,500.
The plaintiff owns various jewelry and furs which she lists on her financial affidavit as having an undetermined value.
The defendant is 53 years old. The defendant is employed as a pension actuarial with his own firm known as Kissel, Kneale and Tobin.
The defendant has severe bronchial and arthritis problems. He is overweight. He is on daily medication for arthritis. He also takes medication for his bronchial problems. He also suffers from high blood pressure. He is missing an interior crucible ligament in his knee.
The various real estate holdings either in the name of the plaintiff or in the name of the defendant or both parties and the various accounts in the names of the two children werc purchased from funds from the defendant's employment.
The defendant has a 401K profit sharing plan with a market value of $946,980.00. He has an IRA with Fleet Bank with a market value of $19,046.00. He is holding in the Webster Bank an IRS refund check in the amount of $5,931.00 and a State of CT Page 11003 Connecticut refund check in the amount of $383.00. Those refund checks are for 1998 taxes.
The defendant's base salary from his employment is $137,450 annually plus bonuses. The defendant estimates that his bonus for December 1999 will be approximately $25,000.00. He has a liability to Kissel, Kneale and Tobin of $15,000.00. That was a loan that he took from his business to purchase furniture for the condominium that he owns at 28 Wilshire Road, Madison, CT. During the course of the marriage the defendant purchased jewelry for the plaintiff at a total cost of approximately $50,000 and furs at a total cost of approximately $9,000.00 to $10,000.00.
The defendant received the following bonuses in 1998: a $10,000.00 bonus of February of 1998 which he turned over to the plaintiff and a $25,000.00 bonus in April of 1998 which he used to purchase the condominium that he resides in located at 28 Wilshire Road, Madison, Connecticut. He also had a $17,000.00 bonus in December of 1998 of which $10,000.00 was deposited to his 401K plan and the balance was used in part for federal and state income taxes. The gross weekly income that he shows on his financial affidavit of $2,643.26 does not take into consideration bonuses money that he receives. His financial affidavit shows a weekly deduction for federal income tax of $907.06 which amounts to about 35% of his gross income. In the calendar year of 1998 he paid approximately 23 % of his gross income in federal taxes on a total annual income that was approximately $200,000.00.
There is an account in the name of Jeffrey Kissel, an adult child of the marriage, that has approximately $26,000, and $250,000 in stocks under the Uniform Gift to Minor Act. reffrey is presently enrolled in college.
The minor child Leah commences college at University of New Haven, in September of 1999. There is a fund in her name with approximately $250,000 in stock, and $60,000.00 in savings also under the UGMA.
The plaintiff owns a condominium solely in her name at 117 Timber Creek, West Dover, Vermont. It has fair market value of $180,000.00 and no mortgage.
The Vermont property was purchased in approximately 1989 and has been used on weekends during the winter months. CT Page 11004
The family home owned by the parties is located at 90 Joshua Trial. It has a fair market value of $417,000.00 and no mortgage. The property is solely in the plaintiffs name.
The office occupied by the defendant is located 71 Bradley Road, Madison, Connecticut. It has a fair market value of $290,000 and no mortgage. This property is solely in the plaintiffs name.
The plaintiff owns a one half interest in a condominium in Boca Raton, Florida. The court finds that the fair market value of the plaintiffs = interest in that property is $25,000. Her brother and his wife own the other one half interest. The property was purchased from the plaintiffs mother. The plaintiff estimates that she is to receive an additional $400.00 to $600.00 from her mother's estate
The court finds that the fair market value of the defendant's business is $220,500.
This court has considered the provision of section 46b-82
regarding the issue of alimony and has considered the provision of section 46b-62 regarding the issue of attorneys fees and has considered the provision of section 46b-81 (c) regarding the issue of property division. The court enters the following orders:
A. BY WAY OF DISSOLUTION OF MARRIAGE
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. BY WAY OF ALIMONY
1. The defendant is ordered to pay to the plaintiff alimony in the sum of $1,100.00 dollars per week. In addition he is to pay to her 50% of any gross bonuses or salary increases over and above his present gross annual salary of $137,450.00, that he receives within 30 days from the date that they are received. Salary increases and/or bonuses include both taxable and non-taxable income, including but not limited to funds that his employer sets aside for his retirement plan.
2. Alimony is to terminate upon the death of the plaintiff or the defendant or the remarriage of the plaintiff. CT Page 11005
3. The provisions of § 46b-86 (a) and 46b-86 (b) are applicable.
4. The defendant is to maintain his present $50,000.00 life insurance policy naming the plaintiff as beneficiary to secure the alimony payment ordered.
C. BY WAY OF PROPERTY ORDERS
1. The court awards to the plaintiff the following assets:
Asset Value
a. 90 Joshua Trail, Madison, Connecticut $ 417,000.00
b. Guilford Savings Bank balance $ 214.00
c. Wife's IRA $ 20,261.00
d. Florida condominium $ 25,000.00
e. 1990 Mercedes $ 18,500.00
 f. Jewelry and furs at an original cost of approximately $58,000.00 with the present value not proven.
g. 1998 Honda $ 18,000.00
h. First Union Bank $ 3,600.00
i. Liberty Bank $ 4,217.00
j. Fleet Bank $ 4,134.00
k. Tax refunds for 1998 $ 6,314.00
The court awards to the defendant the following assets:
Assets Value
a. 71 Bradley Road, Madison, CT $ 290,000.00 CT Page 11006
 b. 28 Wilshire Road, Madison, CT $ 33,800.00 (equity)
c. Husband's business $ 220,500.00
d. Husband's IRA $ 19,046.00
2. The Vermont condominium is presently on the market for sale. However, there are carrying cost with respect to said property. The parties shall share the costs equally until the property is sold.
The parties are to alternate the weekend use of the condominium. The parties are to split equally the net proceeds from the sale of the condominium. The court retains jurisdiction over any disputes that may arise involving the alternating use of the condominium or the payment of carrying costs or the sale of the condominium or any other disputes that may arise involving the condominium.
3. The plaintiff is ordered to return to the Vermont condominium the following items:
a. Two beds
b. VCR
c. Blankets that were removed
d. Four folding chairs
She is also ordered to return to the defendant the following items:
a. Tripod and telescope
b. His skl boots and poles
All of the furniture and furnishings presently at the Vermont condominium as well as those to be returned are to be sold as part of the condominium. In the event there are any items or furniture and furnishings from the Vermont condominium that the buyer does not wish to purchase and the parties are unable to agree as to who should own such items, then the court retains jurisdiction over such items. CT Page 11007
4. The plaintiff is ordered to assign to the defendant all of her interest in the condominium lease at 71 Bradley Road, Madison, Connecticut, for which she presently receives rental income as shown on her financial affidavit.
5. The plaintiff is awarded the first $600.00 of any additional sums that she receives from her mother's estate. Any sums that she hereinafter receives from said estate above $600.00 are to be split equally between the parties.
6. All of the remaining furniture and furnishings located at 90 Joshua Trail, Madison, Connecticut are awarded to the plaintiff. All of the furniture and furnishings located at 70 Bradley Road, Madison, Connecticut and 28 Wilshire Road, Madison, Connecticut are awarded to the defendant.
7. The court orders that the defendant transfer to the plaintiff by QUADRO 50% of his 401K profit sharing plan. The plaintiff is to prepare the necessary documents and the court retains jurisdiction over any disputes that may arise involving such documents. The 50% value is to be both 50% of the basis involving any shares of stock as well as 50% of the gross value.
8. The plaintiffs financial affidavit lists in schedule B a number of liabilities. She is to pay all of those liabilities except for the real estate tax for property located at 71 Bradley Road, Madison, Connecticut and the Vermont tax. The defendant is to pay the real estate tax for the property located at 71 Bradley Road, Madison, Connecticut and the parties are to split equally any real estate taxes owed for the Vermont Condominium. The parties are also to split equally the fee owed to Jim Esposito for his appraisal of real estate. The liability shown on the defendant's financial affidavit is to be paid by the defendant.
9. All transfers of assets are to be completed by August 31, 1999.
D. BY WAY OF ATTORNEYS FEES
1. No attorneys fees are awarded in favor of either party.
E. MISCELLANEOUS ORDERS
1. Counsel for the plaintiff is to prepare the judgment file CT Page 11008 within 30 days and send it to counsel for the defendant for signature and filing.
2. The parties are ordered to exchange copies of their federal and state income tax returns for so long as there is an alimony order or any outstanding arrearage relating thereto.
Sidney Axelrod, Judge of the Superior Court